*E-Filed 1/5/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

BYRON JOHNSON,            No. C 11-2102 RS (PR)

    Plaintiff,                **ORDER OF DISMISSAL**

    v.

NANCY ADAM, et al.,

    Defendants.

                              /

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The complaint was dismissed with leave to file an amended complaint. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1  *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and
2  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may
3  be granted or seek monetary relief from a defendant who is immune from such relief.  *See id*.
4  § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica*
5  *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff's amended complaint does not contain sufficient factual matter to state a claim for relief.  Plaintiff alleges that he tested positive for HIV in the 1980s.  Yet, he tests negative for HIV, according to the tests given by defendants, employees of Pelican Bay State Prison.  Plaintiff alleges that defendants' HIV tests repeatedly give "false negatives." Plaintiff alleges that defendants' failure to treat him has resulted in "further injury and sickness deterioration [*sic*] and massive weight which resulted in loss of vision and ability to [perform] daily functions."  This is insufficient to state a claim for relief.  Plaintiff's claims are conclusory and wholly lacking in specific detail, such as which daily functions he is not

able to perform and how defendants' actions and inactions caused such circumstances. Such conclusory allegations do not raise a colorable claim that defendants were deliberately indifferent to his medical needs. Accordingly, the action is DISMISSED for failure adequately to respond to the Court's order to allege specific facts, rather than make conclusory allegations, and for failure to prosecute under Federal Rule of Civil Procedure 41(b). The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: January 5, 2012

_____
RICHARD SEEBORG
United States District Judge

No. C 11-2012 RS (PR)
ORDER OF DISMISSAL